UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>SHYLOH BECKER,<br><br>            Defendant. | Case No. 4:12-cr-00180-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant's Motion to Transfer Venue (Dkt. 87). For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Based upon the representations of counsel, the Court understands that all defendants in this case except Shyloh Becker have reached plea agreements with the Government or will be dismissed from the case. Accordingly, only Shyloh Becker will proceed to trial. Defendant Shyloh Becker asks the Court to transfer venue to the District of Oregon.

Federal Rule of Criminal Procedure 21(b) states that "[u]pon a defendant's motion, the court may transfer the proceeding . . . against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the

interest of justice." Fed. R. Crim. P. 21(b). Determination of a Rule 21(b) motion to transfer "involves the sound discretion of the trial court." *U.S. v. Testa*, 548 F.2d 847, 856 (9th Cir. 1977). Courts should consider the following factors when deciding a motion to change venue: "(a) location of the defendants; (b) location of the possible witnesses; (c) location of the events likely to be at issue; (d) location of relevant documents and records; (e) potential for disruption of the defendants' businesses if transfer is denied; (f) expenses to be incurred by the parties if transfer is denied; (g) location of defense counsel; (h) relative accessibility of the place of trial; (i) docket conditions of each potential district; and (j) any other special circumstance that might bear on the desirability of transfer." *U.S. v. Maldonado-Rivera*, 922 F.2d 934, 966 (2nd Cir. 1990) (citing *Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240, 243–44 (1964)). None of these considerations are dispositive. *Id.* Instead, the court must "try to strike a balance and determine which factors are of greatest importance." *Id.* Some degree of inconvenience is inevitable, and the Court must consider both the defendant's and the government's inconvenience. *Testa,* 548 F.2d at 856.

In this case, most of the factors either do not tilt the scale in favor or against transfer, or they are irrelevant. For example, between the Government and the defendant, several witnesses from both Idaho and Oregon will be called to testify. Additionally, evidence of events likely to be at issue during trial will relate to both Idaho and Oregon. Relative accessibility of the place of trial will be better for some and worse for others in each district. Additional expenses will be incurred by the defendant, who lives in Oregon,

if she is required to travel to Idaho for trial, but additional expenses will be incurred by the Government, Government counsel and defense counsel if the trial is moved to Oregon. Moreover, the defendant gives no indication that she has a business which will be disrupted if she is forced to be tried in Idaho.

However, several factors weigh in favor of retaining the case in Idaho. First, according to the Government, although the case is not document intensive, the relevant documents are in Idaho. Second, both defense counsel and the prosecutor reside in Idaho. Finally, this matter has been pending in the District of Idaho since July 2012. Because of the complexity of the case, the Court continued the trial date, and has worked with counsel to find a trial date which works for all involved. Moving the trial to the District of Oregon at this point will only delay the trial and inconvenience the District of Oregon.

Accordingly, although trying the case in Idaho will cause some inconvenience for the defendant, when weighed against all the other factors suggesting the case should remain in Idaho, the Court finds that the interests of justice require the case remain in the District of Idaho. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED:**

1.      Defendant's Motion to Transfer Venue (Dkt. 87) is **DENIED**.



DATED: May 21, 2013

B. Lynn Winmill
Chief Judge
United States District Court